# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS D. WILSON, | CASE NO. 1:05-CV-00226-OWW-SMS-P |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND |
| v. | (Doc. 1) |
| D. STOLMAN, et al., | |
| Defendants. | |

I.   Screening Order

    A.   Screening Requirement

Plaintiff Marcus D. Wilson ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on February 17, 2005.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

1  A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
2  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
3  support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467
4  U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt
5  Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this
6  standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg.
7  Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most
8  favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395
9  U.S. 411, 421 (1969).

10  B.  Plaintiff's Claims

11  The events at issue in the instant action allegedly occurred at the California State Prison-
12  Corcoran, where plaintiff is presently incarcerated.  Plaintiff names D. Cano, Associate Warden D.
13  Stolman, Lieutenant M. D. Sexton, Captain M. Miller, and Warden A. K. Scribner as defendants.
14  Plaintiff is seeking money damages and equitable relief.  Plaintiff's claims in this action arise from
15  his placement and retention in administrative segregation for allegedly conspiring to assault other
16  inmates.

17  1.  Due Process Claims
18  a.  Placement and Retention in Administrative Segregation

19  Plaintiff alleges that his due process rights were violated.  The Due Process Clause protects
20  prisoners from being deprived of liberty without due process of law.  Wolff v. McDonnell, 418 U.S.
21  539, 556 (1974).  In order to state a cause of action for deprivation of procedural due process, a
22  plaintiff must first establish the existence of a liberty interest for which the protection is sought.
23  Liberty interests may arise from the Due Process Clause itself or from state law.  Hewitt v. Helms,
24  459 U.S. 460, 466-68 (1983).  The Due Process Clause itself does not confer on inmates a liberty
25  interest in being confined in the general prison population instead of administrative segregation.  See
26  Hewitt, 459 U.S. at 466-68.  With respect to liberty interests arising from state law, the existence of
27  a liberty interest created by prison regulations is determined by focusing on the nature of the
28  deprivation.  Sandin v. Conner, 515 U.S. 472, 481-84 (1995).  Liberty interests created by prison

regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

Assuming the existence of a protected liberty interest, due process requires only that prison officials "hold an informal nonadversary hearing within a reasonable time after the prisoner is segregated," that prison officials "inform the prisoner of the charges against [him] or the reasons for considering segregation," and that the prisoner be allowed "to present his views." Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th Cir. 1986). Prisoners are not entitled to "detailed written notice of charges, representation by counsel or counsel substitute, an opportunity to present witnesses, or a written decision describing the reasons for placing the prisoner in administrative segregation." Id. Further, "due process does not require disclosure of the identity of any person providing information leading to the placement of a prisoner in administrative segregation." Id. Also, "[p]rison officials must engage in some sort of periodic review of the confinement of such inmates." Id. Annual reviews do not sufficiently protect the prisoner's liberty interest. Id.

First, plaintiff has not alleged any facts that support a finding that plaintiff had a protected liberty interest at stake. See May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (convicted inmate's due process claim fails because he has no liberty interest in freedom from state action taken within sentence imposed and administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence) (quotations omitted). Second, assuming for the sake of argument that plaintiff had a liberty interest at stake, plaintiff has not alleged any facts that support a finding that he was deprived of his liberty interest without the procedural protections due under federal law. The failure to comply with state regulations is not the touchstone for determining whether or not federal due process has been satisfied. Plaintiff was provided with a CDC 114 notice, which satisfies the requirement that plaintiff be notified of the reason for his segregation. Plaintiff was not entitled to the disclosure of the confidential information or detailed notice of the reason for his segregation placement. Further, plaintiff's allegation that he was not provided with a hearing every thirty days in accordance with state regulations is insufficient to demonstrate that plaintiff was deprived of the process due him under federal law. Accordingly, the court finds that plaintiff's allegations are insufficient to give rise to a claim for relief under section 1983 for denial of due process.

        b.        <u>Resolution of Inmate Appeal</u>

Plaintiff filed an inmate appeal grieving his placement in administrative segregation. Defendants Cano and Stolman responded to plaintiff's appeal at the first formal level of review. (Exhibit B.) Plaintiff alleges that defendants violated his due process rights.

"[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." <u>Buckley v. Barlow</u>, 997 F.2d 494, 495 (8th Cir. 1993) (citing <u>Azeez v. DeRobertis</u>, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); <u>see also</u> <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); <u>Massey v. Helman</u>, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." <u>Azeez v. DeRobertis</u>, 568 F. Supp. at 10; <u>Spencer v. Moore</u>, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. <u>Buckley</u>, 997 F.2d at 495. Thus, neither defendants' response to plaintiff's appeal nor defendants' failure to issue the response in accordance with the time restraints set forth in Title 15 regulations provides a ground upon which to impose liability under federal law. Accordingly, plaintiff fails to state a claim upon which relief may be granted under section 1983 against defendants Cano and Stolman for denial of due process.

        2.        <u>Eighth Amendment Claims</u>

Plaintiff alleges that the conditions he was subjected to while in administrative segregation violated his rights under the Eighth Amendment. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. <u>Id.</u>; <u>Toussaint v. McCarthy</u>, 801 F.2d 1080, 1107 (9th Cir. 1986); <u>Hoptowit v. Ray</u>, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they

///

acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know of and disregard an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. Thus, "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it." Farmer, 511 U.S. at 835. Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk. Farmer, 511 U.S. at 844-45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Farmer, 511 U.S. at 835; Frost v. Agnos, 152 F.3d at 1128; see also Daniels v. Williams, 474 U.S. 327, 330-32 (1986).

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. at 8 (quotations and citations omitted). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." Id. at 9 (citation omitted). With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id. (quotations and citations omitted).

Plaintiff has alleged no facts that support a claim that his Eighth Amendment rights were violated. Plaintiff's allegations would not support a claim that the conditions were "sufficiently grave to form the basis of an Eighth Amendment violation," id., or that any of the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." Farmer, 511 U.S.

///

at 837. Accordingly, plaintiff fails to state a claim upon which relief may be granted under section 1983 for violation of the Eighth Amendment.

### 3. False Imprisonment

Plaintiff alleges a claim for relief for false imprisonment in violation of the Eighth Amendment and 28 U.S.C. § 1346. Plaintiff's claim for relief for violation of the Cruel and Unusual Punishment Clause of the Eighth Amendment is addressed in the preceding subsection. Further, plaintiff's reliance on section 1346 is misplaced. Section 1346 addresses situations in which the United States is a defendant. It does not provide a basis for a false imprisonment claim in this action.

Under California law, false imprisonment is the "'unlawful violation of the personal liberty of another.'" Martinez v. City of Los Angeles, 141 F.3d 1373, 1379 (9th Cir. 1998) (quoting Asgari v. City of Los Angeles, 15 Cal.4th 744, 757 (1997)). "There are two bases for claiming false imprisonment: imprisonment pursuant to a false arrest and unreasonable delay in bringing the arrested person before a judicial officer." Estate of Brooks v. United States, 197 F.3d 1245, 1248 (9th Cir. 1999).

To the extent that plaintiff intended to but did not plead clearly or correctly a claim for false imprisonment under state tort law, plaintiff's claim fails. Plaintiff is a convicted prisoner in the custody of the California Department of Corrections and this action involves no claims to the contrary. Plaintiff's placement in administrative segregation does not give rise to a false imprisonment claim under California law.

### 4. Claim Against Defendant Scribner

Plaintiff names defendant Warden Scribner as a defendant, although plaintiff does not allege any specific acts or omissions by Scribner. Supervisory personnel such as defendant Scribner are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that supervisory defendants either: personally

participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Plaintiff has not alleged any facts indicating that defendant Scribner personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646. Accordingly, plaintiff fails to state a claim upon which relief may be granted against defendant Scribner under section 1983.

### 5.   Claim Against Defendant Miller

Although plaintiff names defendant Miller as a defendant, plaintiff does not allege any acts or omissions of the part of defendant Miller. The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with

some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Because plaintiff failed to do so, he fails to state a claim against defendant Miller.

    6.  Equal Protection Claim

  Although plaintiff does not specifically plead an equal protection claim, he alleges that he was a victim of racial profiling and that the Equal Protection Clause protects against disparate treatment. Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972). In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that defendants acted with intentional discrimination against plaintiff or against a class of inmates which included plaintiff. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985). "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren, 152 F.3d at 1194.

  Plaintiff has not alleged any facts that support a claim that any of the named defendants intentionally discriminated against plaintiff on the basis of his race. Accordingly, plaintiff fails to state a claim for violation of the Equal Protection Clause.

  C.  Conclusion

  The court finds that plaintiff's complaint does not contain any claims upon which relief may be granted under section 1983. The court will provide plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order.

  Plaintiff is informed he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S.

362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state any claims upon which relief may be granted under section 1983;
2. The Clerk's Office shall send plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, plaintiff shall file an amended complaint; and
4. If plaintiff fails to file an amended complaint in compliance with this order, the court will recommend that this action be dismissed, without prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

**Dated:   August 1, 2005**              /s/ Sandra M. Snyder
icido3                                    UNITED STATES MAGISTRATE JUDGE