# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS D. WILSON,<br><br>            Plaintiff,<br><br>   v.<br><br>D. STOLMAN, et al.,<br><br>            Defendants. | CASE NO. 1:05-CV-00226-OWW-SMS-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED<br><br>(Doc. 11) |

      Plaintiff Marcus D. Wilson ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On August 30, 2005, plaintiff filed a motion seeking a court order requiring prison officials to provide him with adequate law library access.

      The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. <u>University of Texas v. Camenisch</u>, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." <u>Arcamuzi v. Continental Air Lines, Inc.</u>, 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." <u>Id</u>. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." <u>Id</u>. At a bare minimum, the plaintiff "must

///

demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." <u>Id</u>.

A federal court is a court of limited jurisdiction. Because of this limited jurisdiction, as a threshold and preliminary matter the court must have before it for consideration a "case" or "controversy." <u>Flast v. Cohen</u>, 392 U.S. 83, 88 (1968). If the court does not have a "case" or "controversy" before it, it has no power to hear the matter in question. <u>Rivera v. Freeman</u>, 469 F. 2d 1159, 1162-63 (9th Cir. 1972). The allegations set forth in plaintiff's amended complaint concern his placement and retention in administrative segregation. Assuming plaintiff's allegations are sufficient to give rise to cognizable claims for relief under section 1983, the issuance of the order sought by plaintiff in his motion would not remedy those claims. Preliminary injunctive relief does not serve the purpose of ensuring that plaintiff is able to litigate the instant action effectively.

Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motion for preliminary injunctive relief, filed August 30, 2005, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   December 7, 2005**              /s/ Sandra M. Snyder
icido3                                      UNITED STATES MAGISTRATE JUDGE