# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

MARCUS D. WILSON,

                Plaintiff,

   v.

D. STOLMAN, et al.,

              Defendants.

_____/

CASE NO. 1:05-CV-00226-OWW-SMS-P

FINDINGS AND RECOMMENDATIONS
RECOMMENDING DISMISSAL OF ACTION
FOR FAILURE TO STATE A CLAIM UPON
WHICH RELIEF MAY BE GRANTED

(Doc. 10)

I.    <u>Findings and Recommendations Following Screening of Amended Complaint</u>

    A.    <u>Screening Requirement</u>

        Plaintiff Marcus D. Wilson ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on February 17, 2005.  On August 3, 2005, the court dismissed plaintiff's complaint, with leave to amend, for failure to state any claims upon which relief may be granted.  Plaintiff filed an amended complaint on August 30, 2005.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

///

1

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. Pro. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.  Id. at 514.  "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.  Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'"  Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."  Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled."  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

B.   Summary of Plaintiff's Amended Complaint

The events at issue in the instant action allegedly occurred at California State Prison-Corcoran, where plaintiff was incarcerated at the time.  Plaintiff names M. V. Sexton, D. G. Stockman, D. Cano, M. Melo, and M. Miller as defendants.  Plaintiff is seeking money damages.

The basis of plaintiff's claims in this action is his placement in administrative segregation on July 26, 2004, and subsequent retention pending transfer.  Upon placement in segregation, plaintiff was provided with a 114-D lock-up order, which informed plaintiff that he was suspected of conspiring to assault other inmates.  Plaintiff alleges that he was not provided with a disclosure

2

form required under Title 15 regulations and that his appeal of the issue was granted.  On November 3, 2004, a hearing was held during which plaintiff was notified that no evidence had been obtained via the investigation.  However, it was recommended that plaintiff not be returned to the facility in which he was housed prior to segregation, and plaintiff was retained in segregation pending his transfer.

Plaintiff alleges that several defendants were involved both in responding to his inmate appeal and in the events surrounding his placement and retention in segregation, a situation which was impermissible.

Plaintiff also alleges that he was previously placed in administrative segregation on October 8, 2003, based on information that plaintiff was promoting racial tension.  Plaintiff filed an appeal, which was granted and led to his immediate release to general population.  Plaintiff alleges that this action was an acknowledgment that "his liberty interest[s] were being denied illegally."  (Amend. Comp., p. 2, ¶2.)

    C.    <u>Plaintiff's Claims</u>

        1.    <u>Due Process Claims</u>

Plaintiff alleges that his placement in administrative segregation violated his right to due process.  The Due Process Clause protects prisoners from being deprived of liberty without due process of law.  <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974).  In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought.  Liberty interests may arise from the Due Process Clause itself or from state law.  <u>Hewitt v. Helms</u>, 459 U.S. 460, 466-68 (1983).  The state does not create protectable liberty interests by way of mandatory language in prison regulations.  <u>Sandin v. Conner</u>, 515 U.S. 472, 481-84 (1995).  Rather, the existence of a liberty interest is determined by focusing on the nature of the deprivation.  <u>Id</u>.  Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  <u>Id</u>. at 484.

Plaintiff is pursuing a claim under section for 1983 for violation of his rights under the Due Process Clause of the Fourteenth Amendment of the United States Constitution.  The provision for

1    certain procedural protections under state law does not work to enlarge the protections plaintiff is

2    due under federal law, which as discussed below are fairly minimal.  See Sweaney v. Ada County,

3    Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997).  Thus, allegations concerning the failure of staff to

4    follow certain state regulations concerning procedure do not give rise to a claim for relief unless

5    plaintiff has a protected liberty interest at stake and plaintiff is deprived of the procedural protections

6    he is also due under federal law.

7         The Due Process Clause itself does not confer on inmates a liberty interest in being confined

8    in the general prison population instead of segregation, see Hewitt, 459 U.S. at 466-68, and plaintiff

9    has not alleged any facts which support a finding that plaintiff had a liberty interest in remaining free

10   from administrative segregation created by state law.  Plaintiff's conclusory allegation that he had

11   a liberty interest is insufficient, and the allegation that  the granting of his appeals demonstrates the

12   existence of a liberty interest is without merit.  An appeals process decision that was favorable to

13   plaintiff does not create a liberty interest.  The amended complaint is devoid of any facts supporting

14   a finding that plaintiff was subjected to a situation which constituted atypical and significant

15   hardship.  See May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (convicted inmate's due process

16   claim fails because he has no liberty interest in freedom from state action taken within sentence

17   imposed and administrative segregation falls within the terms of confinement ordinarily

18   contemplated by a sentence) (quotations omitted); Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir.

19   2000) (plaintiff's placement and retention in the SHU was within range of confinement normally

20   expected by inmates in relation to ordinary incidents of prison life and, therefore, plaintiff had no

21   protected liberty interest in being free from confinement in the SHU) (quotations omitted).

22   Accordingly, the court recommends that plaintiff's due process claims be dismissed, with prejudice.

23        The court notes that even if plaintiff had alleged facts sufficient to support a finding that he

24   had a liberty interest at stake, plaintiff has not alleged any facts which support a claim that he was

25   deprived of the minimal procedural protections he is due under federal law.  Plaintiff is entitled only

26   to "an informal nonadversary hearing within a reasonable time" after segregation, notice of the

27   charges or reasons for segregation, and an opportunity to present his views.  Toussaint v. McCarthy,

28   801 F.2d 1080,

1   1100 (9th Cir. 1986).  The allegation that plaintiff was not provided with a non-confidential

2   disclosure form that he was entitled to under state regulations is of no significance under federal law.

3                    2.   False Imprisonment Claims

4        Plaintiff was previously informed by the court that his claim for false imprisonment is not

5   cognizable. (Doc. 8.)  Despite this admonition, plaintiff again alleges false imprisonment claims

6   against all named defendants.

7        Under California law, false imprisonment is the "'unlawful violation of the personal liberty

8   of another.'" Martinez v. City of Los Angeles, 141 F.3d 1373, 1379 (9th Cir. 1998) (quoting Asgari

9   v. City of Los Angeles, 15 Cal.4th 744, 757 (1997)).  "There are two bases for claiming false

10  imprisonment: imprisonment pursuant to a false arrest and unreasonable delay in bringing the

11  arrested person before a judicial officer."  Estate of Brooks v. United States, 197 F.3d 1245, 1248

12  (9th Cir. 1999).  Plaintiff is a convicted prisoner in the custody of the California Department of

13  Corrections and this action involves no claims to the contrary.  Plaintiff's placement in

14  administrative segregation does not give rise to a false imprisonment claim under California law.

15  The court recommends that this claim be dismissed, with prejudice.

16                    3.   IIED Claim

17       Finally, plaintiff alleges a claim for relief for intentional infliction of emotional distress

18  against defendant Cano.  Under California law, the elements of intentional infliction of emotional

19  distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or

20  reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe

21  or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by

22  the defendant's outrageous conduct.  Sabow v. United States, 93 F.3d 1445, 1454 (9th Cir. 1996)

23  (citing to Christensen v. Superior Court, 54 Cal.3d 868 (1991)) (quotations omitted).

24       Plaintiff has not alleged any facts supporting a claim for relief under state law for IIED.

25  Although plaintiff was not previously given leave to amend an IIED claim, leave to amend would

26  be futile because plaintiff's amended complaint does not contain a cognizable claim for relief under

27  section 1983.  Plaintiff would be permitted to proceed in this action on a state law claim only if he

28  also had one or more cognizable claims for relief under federal law.  28 U.S.C. § 1367(a); United

5

1    <u>Mine Workers of America v. Gibbs</u>, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed

2    before trial, . . . the state claims should be dismissed as well."). Therefore, the court recommends

3    dismissal of this claim without prejudice.

4              D.    <u>Conclusion</u>

5         The court finds that plaintiff's amended complaint does not contain any claims upon which

6    relief may be granted under section 1983 or state law. Plaintiff was previously notified of the

7    deficiencies in his federal due process claims and false imprisonment claims but was unable to cure

8    them. Accordingly, it is HEREBY RECOMMENDED that this action be dismissed as follows for

9    failure to state a claim upon which relief may be granted:

10             1.    Plaintiff's due process claims be dismissed, with prejudice;

11             2.    Plaintiff's false imprisonment claims under California law be dismissed, with

12                   prejudice; and

13             3.    Plaintiff's IIED claim under California law be dismissed, without prejudice.

14        These Findings and Recommendations will be submitted to the United States District Judge

15   assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30)**

16   **days** after being served with these Findings and Recommendations, plaintiff may file written

17   objections with the court. The document should be captioned "Objections to Magistrate Judge's

18   Findings and Recommendations." Plaintiff is advised that failure to file objections within the

19   specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d

20   1153 (9th Cir. 1991).

21

22   IT IS SO ORDERED.

23   **Dated:    April 11, 2006**              _____/s/ Sandra M. Snyder_____
     icido3                                    UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28

                                                 6